UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERROL RAY LYNCH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1842** |
| **ORLEANS PARISH SHERIFF'S OFFICE MEDICAL DEPARTMENT, ET AL.** | **SECTION "B"(5)** |

## REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Errol Ray Lynch, a pretrial detainee at the Orleans Justice Center. Lynch filed this lawsuit against defendants, Orleans Parish Sheriff's Office Medical Department; Wexford Health Sources, Incorporated; Doctor A. Blake; Doctor A. Walker; Nurse P. Spencer; and Captain J. Banks.

In his complaint, he alleges that on July 19, 2025, and July 20, 2025, the Orleans Parish Sheriff's Office Medical Department "failed medical services protocol on the outreach of passing out medication to inmates timely."[1] He claims that on these two occasions his scheduled nightly dose of medication was delayed briefly until the next day. He also claims that he received an unsatisfactory response from Dr. Walker to his administrative grievance concerning the July 19 incident. In response, Dr. Walker reported that he reviewed Lynch's medical records, including the Medication Administration Record, and the documentation indicated that his medication was administered as scheduled on the date in question.[2] Lynch

---

[1] ECF No. 1 at 6, Complaint.

[2] *Id*. at 7, 13. In response to an appeal of his grievance complaint about the incident that occurred on July 20, Chief of Corrections, J. Mallett, stated that he would meet with medical staff on the issue Lynch raised concerning medication administration. *Id*. at 22.

submitted multiple grievances stemming from these incidents and complains that Dr. Walker still has not released some of his medical grievances.[3]

Lynch claims that on August 10, 2025, he was "struck again by Wexford Health Source, Incorporated Medical Nurse P. Spencer's medical malpractice."[4] He alleges that on this occasion his medication, Seroquel, was "contaminated" when it was crushed by Nurse Spencer in the same tube as another inmate's "higher doses of Seroquel residue," which resulted in an extra dose and unusually deep sleep that evening.[5]

Finally, he claims that on August 16, 2025, Captain Banks improperly reassigned him to maximum confinement after he had submitted his administrative grievances.[6] Lynch requests $7,000,000 in monetary relief.

A proceeding brought *in forma pauperis* may be dismissed as frivolous under § 1915(e)(2)(B)(i), if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c). To avoid dismissal for failure to state a claim on which relief may be granted, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations ... are true (even if doubtful in fact)." *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks, citations, and footnote

---

[3] *Id*. at 13-14, 29.

[4] *Id*. at 8.

[5] *Id*. at 9.

[6] *Id*. at 11, 27-28.

2

omitted)). Plaintiff must allege sufficient facts in support of his legal conclusions that give rise to a reasonable inference that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 US at 556, 127 S.Ct. 1955). Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed with prejudice as frivolous and for failing to state a claim on which relief can be granted.

Lynch names the "Orleans Parish Sheriff's Office Medical Department" as a defendant. Assuming an entity by this name exists at the Orleans Justice Center, it is not a proper defendant. "[A] prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. June 9, 2008) (citations omitted).[7] A § 1983 action must be filed against an actual identified person, not a department at the jail. *Gros v. Lafourche Par., et al.*, Civ. Action No. 21-1783, 2022 WL 509357, at *3 (E.D. La. Jan. 12, 2022), *adopted*, 2022 WL 503770 (E.D. La. Feb. 18, 2022). Accordingly, his claims against the Orleans Parish Sheriff's Office Medical Department should be dismissed.[8]

---

[7] *See Smith v. Lafourche Parish*, Civil Action No. 21-1714, 2021 WL 4975698, at *2 (E.D. La. Sep. 30, 2021) ("discrete departments of prison facilities are simply not considered to be 'persons' under § 1983."), *adopted*, 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); *Brewin v. St. Tammany Par. Corr. Ctr.*, Civ. Action No. 08-0639 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) ("[a] prison facility or a 'department' within a prison facility is not a 'person' under § 1983"); *Jiles v. Orleans Par. Prison Med. Clinic*, Civ. Action No. 09-8426, 2010 WL 3584059, at *2 (E.D. La. Sept. 7, 2010) ("[a] jail's medical department simply is not a juridical entity capable of being sued").

[8] To the extent he intended to name the Orleans Parish Sheriff's Office as a separate defendant, he fares no better. "[A] parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Shorts v. St. Charles Par. Sheriff's Office*, Civ. Action No. 24-2759, 2025 WL 2641774, at *3 (E.D. La. Sep. 15, 2025) (citing *Cozzo v. Tangipahoa Par. Council-Pres. Govt.*, 279 F.3d 273, 283 (5th Cir. 2002))*.*

Lynch also names "Wexford Health Sources, Incorporated" as a defendant.  Although Wexford Health could be a properly named defendant in a § 1983 lawsuit,[9] he fails to state a claim against the company in this case under a theory of vicarious liability.  To the extent he seeks to hold the company responsible for the acts of its medical staff, Section 1983 does not afford him a claim under any theory of vicarious liability.  *Garrison v. Orleans Par. Justice Ctr.*, Civ. Action No. 24-1766, 2024 WL 5497833, at * 4 (E.D. La. Dec. 13, 2024) (citing *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Grandpre v. Correct Health*, Civ. Action No. 16-1543, 2016 WL 4539442, at *8 (E.D. La. Aug. 29, 2016); *Easter v. Lafourche Parish Sheriff's Office*, Civ. Action No. 13-5797, 2014 WL 3687239, at *3 (E.D. La. July 23, 2014)).  Lynch has not alleged that Wexford directly violated his constitutional rights by adopting a constitutionally deficient custom, policy, or practice that resulted in injury.  *Id.* (citing *Woodward v. Lopinto*, Civ. Action No. 18-4236, 2021 WL 1969446, at *5 (E.D. La. May 17, 2021).  Thus, he fails to state a clam against Wexford Health Sources, Incorporated.

Regardless whether Lynch can identify the proper defendants, none of the claimed instances of medical negligence concerning the administration of medication rise to the level of deliberate indifference under § 1983.  A claim for inadequate medical care under § 1983 must allege sufficiently harmful acts or omissions demonstrating "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Such a showing requires the inmate to allege that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Brewster v. Dretke*, 587 F.3d 764,

---

[9] *See Garrison v. Orleans Par. Justice Ctr.*, Civ. Action 24-1766, 2024 WL 5497833, at *4 n. 5 (E.D. La. Dec. 13, 2024), *adopted*, 2025 WL 958245 (E.D. La. Mar. 31, 2025).

770 (5th Cir. 2009) (citations omitted). A delay in receiving medical treatment is actionable only if the delay was caused by defendants' deliberate indifference and resulted in substantial harm to the plaintiff. *Gros*, 2022 WL 509357, at *7 ("Gros's disagreement with the course of treatment he received for his symptoms and any brief delay in receiving his prescribed medication do not amount to deliberate indifference or state a constitutional violation"). Claims that stem from alleged negligent care or disagreement with the speed, quality, or extent of medical treatment received do not state cognizable Section 1983 claims. *Id.*, at *6 n. 46.

Even accepting Lynch's allegations as true, his assertions fail to state a cognizable constitutional violation. A couple instances of brief delay in administering medications, in and of itself, does not establish deliberate indifference, and the delay in dispensing medication did not result in substantial harm to Lynch. *Garcia v. Fed. Bureau of Prisons*, 459 F. App'x 458 (5th Cir. 2012); *Lee v. Richland Par. Det. Ctr.*, 483 F. App'x 904, 905 (5th Cir. 2012). Similarly, the incorrect dosage of medication he claims he was given by Nurse Spencer that resulted in his purported "deep sleep" that night fails to state a cognizable claim for deliberate indifference under § 1983. *See Mills v. Hedgemon*, Civ. Action No. 22-6250, 2023 WL 2386898, at *4 (W.D. La. Feb. 13, 2023), *adopted*, 2023 WL 2386760 (W.D. La. Mar. 6, 2023) (citing *Boyd v. Mohammad*, 2000 WL 34532673, at *1 (5th Cir. Mar. 30, 2000).

Lynch also names as defendants two medical professionals identified as "Dr. A. Blake (Director in Charge)" and Dr. A. Walker. Lynch complains about Dr. Walker's response to his administrative grievance, because Dr. Walker documented that the medication logs showed the medication was administered as scheduled on the date Lynch claimed it was delayed. Lynch alleges that Dr. Walker fabricated the response and failed to sufficiently research the

incident. As for Dr. Blake, Lynch fails to assert any factual basis for his claim against him or any personal involvement, and it appears that he seeks to hold him liable only in a supervisory capacity.

Lynch's dissatisfaction with the response to his grievance complaints at the jail does not give rise to any claim of liability under § 1983. *Alexander v. Texas Dep't of Crim. Just.*, 951 F.3d 236, 240 (5th Cir. 2020) (per curiam) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding an inmate "does not have a federally protected liberty interest in having these grievances resolved to his satisfaction"); *Propes v. Mays*, 169 F. App'x 183, 184-85 (5th Cir. 2006) (same). An inmate has no constitutional right to an adequate and effective grievance procedure or to have his complaints investigated and resolved to his satisfaction. *Smith v. Horton*, 670 F. App'x 872, 873 (5th Cir. 2016); *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013).

To the extent Dr. Blake is a "Director in Charge," as Lynch claims, and may supervise other medical personnel, a supervisory official cannot be held responsible pursuant to §1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also, Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."). Lynch has not alleged that Dr. Blake had any personal involvement in the incidents underlying his complaint or that he was even aware of the incidents alleged. *See Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Lynch's claims against defendant, Captain Banks, stem from him being moved to maximum confinement on August 16, 2025. He attaches two separate grievances he filed

concerning the incident. In one grievance, he states he was "pulled off TDC B4-E for falsehood of an evaluation and moved into maximum security as deprived but was evacuated and analysis found no reason for my whereabouts in mental confinement."[10] In another grievance, he states that he has a right to my Fourteenth Amendment and should not be deprived of life, liberty, or property without due process of law.[11] Lynch does not allege how he is restricted or deprived in his current housing environment or the circumstances surrounding the move.

Lynch's barebone conclusory allegations do not suffice to state a due process claim. Jail officials have vast discretion in classifying prisoners. *Green v. McKaskle*, 788 F.2d 1116, 1124–25 (5th Cir. 1986) (citing *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) ( "classification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances"), and *Jones v. United States*, 534 F.2d 53, 54 (5th Cir. 1976), *cert. denied*, 429 U.S. 978, 97 S.Ct. 487, 50 L.Ed.2d 586 (1976) (prison officials have broad discretion, free from judicial interference, in classifying prisoners in terms of their custodial status)). And inmates do not have a constitutionally protected liberty interest in any particular custodial classification. *Alexander*, 951 F.3d at 240 (citing *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) ("Inmates have no protectable property or liberty interest in custodial classifications.") (internal quotations and citation omitted)).

Even if he could maintain a due process claim based on a change in classification, he must demonstrate extraordinary circumstances by showing that the custodial

---

[10] ECF No. 1 at 27.

[11] *Id*. at 28. He was awaiting responses to the grievances when he filed the instant complaint.

reclassification imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. *Id.* (citing *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (per curiam); *see also*, *Sandin v. Conner*, 515 U.S. 472, 484 (1995). No such allegation is made by Lynch in this case. *See Huff v. Thaler*, 518 F. App'x 311 (5th Cir. 2013) (per curiam) (absent extraordinary circumstances, which Huff failed to demonstrate, administrative segregation does not impose an atypical and significant hardship required to trigger the protections of the Due Process Clause).

If Lynch is implying that he was placed in maximum confinement for filing grievances, he fails to state a claim for retaliation based on such allegations. As the United States Fifth Circuit has explained, "[t]o state a retaliation claim, [a petitioner] ha[s] to, inter alia, 'produce direct evidence of motivation' or 'allege a chronology of events from which retaliation may plausibly be inferred.' " *Rhine v. City of Mansfield*, 499 F. App'x 334, 335-36 (5th Cir. 2012) (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citations omitted) (citing *Mendoza v. Strickland*, 414 Fed. Appx. 616, 617 & n. 1, 619 (5th Cir. 2011) (applying *Woods* to the retaliation claim of a pretrial detainee)). Here, Lynch's conclusory allegation that he was placed in maximum confinement for filing grievances fails to make this showing. *Id.*

Finally, to the extent he alleges negligence in the handling of his medical care and seeks monetary relief, claims that do not fall within the confines of Section 1983, but rather under state law, the Court should decline to exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if, as here, it "has dismissed all claims over which it has original jurisdiction." "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a

state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993).

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Lynch's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction and **DISMISS WITHOUT PREJUDICE** any state-law medical negligence claims against the medical defendants.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[12]

New Orleans, Louisiana, this 30th day of September, 2025.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.